IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GIVENS, <br><br> Plaintiff, <br><br> v. <br><br> PARAMOUNT MORTGAGE; AMERICAN HOME MORTGAGE ACCEPTANCE, INC. dba AMERICAN BROKERS CONDUIT; FINANCIAL TITLE; LSI TITLE COMPANY; AMERICAN HOME MORTGAGE SERVICING, INC.; BBB; DEFAULT RESOLUTION NETWORK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MICHAEL BOWMAN; and DOES 1 trough 100, inclusive, <br><br> Defendants. | 2:10-cv-03483-GEB-DAD <br><br> ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEY'S FEES[*] |

Plaintiff moves for an order remanding this case to the Superior Court of California in the County of Sacramento, which is the state court from which this case was removed. Plaintiff argues removal was improper since the federal court lacks subject matter jurisdiction over his Complaint. Even though Defendants have not yet had sufficient opportunity to respond to the remand motion, the case will be remanded since "the lack of jurisdiction is clear." Cortes v. Bank of Am., N.A., No. CV 09-7457 AHM (FFMx), 2009 WL 4048861, at *1 (C.D. Cal. Nov. 20, 2009) ("A court may *sua sponte* remand a case to state court for lack of

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

subject matter jurisdiction without briefing or hearing if the lack of jurisdiction is clear.").

Defendant American Home Mortgage Servicing, Inc. relies only on Plaintiff's fourth claim in its Notice of Removal as support of its contention that federal question jurisdiction exists under 28 U.S.C. § 1331 justifying removal. Specifically, Defendant American Home Mortgage Servicing, Inc. argues in its Notice of Removal: "Plaintiff's Complaint is based upon and alleges violations of . . . the Truth in Lending Act ("TILA") . . . [and] the Real Estate Settlement Procedures Act ("RESPA")[.]" (Notice of Removal ¶ 6.)

28 U.S.C. § 1331 prescribes: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Most federal-question jurisdiction cases are those in which federal law creates a cause of action. A case may also arise under federal law where it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (citations and internal quotation marks omitted). "The . . . 'well-pleaded complaint rule' . . . provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting Audette v. Int'l Longshoremen's & Warehousemen's Union, 195 F.3d 1107, 1111 (9th Cir. 1999)). "The [well-pleaded complaint] rule makes the plaintiff the master of [his] claim[s]; he . . . may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

"'Arising under' federal jurisdiction only arises . . . when the federal law does more than just shape a court's interpretation of state law; the federal law must be *at issue*." Int'l Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009). "[A] case arises under . . . [federal law when] a right . . . created by [that law is] an element, and an essential one, of the plaintiff's cause of action." Id. at 1044. However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040 (9th Cir. 2003). Further, "[w]hen a claim can be supported by alternative and independent theories-one of which is a state law theory and one of which is a federal theory-federal question jurisdiction does not attach[.]" Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996).

Plaintiff argues his fourth claim, which is alleged "under California's unfair competition laws[,] do[es] not require the Court to resolve a federal question" since "alternative and independent theories support [his] state law claim[.]" (Mot. to Remand 6:9-10, 9:4.) Plaintiff alleges in his fourth claim a violation of California's Unfair Competition Law, Business and Professions Code section 17200. Specifically, Plaintiff alleges in his fourth claim that Defendants' unlawful business practices include violations of "California Business and Professions Code § 10130, California Civil Code §§ 1709, 1710, 1711, 1770, and 1921, and Section 1639 of Title 15 of the United States Code, together with the Regulation Z, 12 C.F.R. 226.1." (Compl. ¶ 63.) Plaintiff's alleged federal statutory violations in his fourth claim are not "necessary element[s] of [his section 17200] claim" since Plaintiff also alleges "alternative and independent theories-one of which is a

3

state-law theory" alleging violations of California law as a predicate act for his section 17200 claim. <u>Rains</u>, 80 F.3d at 346. In light of the alternative ways Plaintiff has plead his section 17200 claim, "[t]here is no 'basic' or 'pivotal' federal question that impinges on his right to relief." <u>Lippitt</u>, 340 F.3d at 1046.

Since Plaintiff's section 17200 claim does not "arise under" federal law, this Court lacks subject matter jurisdiction and therefore, Plaintiff's remand motion is granted.

5   Plaintiff also argues he is entitled to attorneys' fees under 28 U.S.C. § 1447(c) since removal was improper. (Mot. to Remand 14:5-12.) "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). However, since Plaintiff has failed to "document[] the . . . hours [his attorney] expended and [his attorneys'] hourly rates[,]" Plaintiff has not substantiated his attorneys' fees request, and his request for attorneys' fees is denied. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983).

For the stated reasons, this case is remanded to the Superior Court of California in the County of Sacramento.

Dated: January 20, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge